Electronically Filed
Intermediate Court of Appeals
29913
07-MAR-2011
08:21 AM

NO. 29913

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
JOSEPH CALARRUDA, V., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 06-1-2300)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Joseph Calarruda, V. ("Calarruda"), appeals from the October 29, 2008, Judgment of Conviction and Sentence ("Judgment") of the Circuit Court of the First Circuit ("Circuit Court"),[1] convicting Calarruda of Theft of Livestock[2] under Hawaii Revised Statutes ("HRS") § 708-835.5(1)(a) and/or 708-835.5(1)(b).[3]  Calarruda was sentenced to five years of

---

[1]     The Honorable Richard W. Pollack presided.

[2]     The livestock in question was a 300-pound, six-year-old domesticated pig who was known, by the staff at Luka Pila Orchards who cared for him, as "Porky" or "Porky the Pig."  Porky was reputed to be "like a dog" because he was loyal, kind, and gentle.

[3]            (1)  A person commits the offense of theft of livestock if the person commits theft by:

        (a)   Having in the person's possession a live animal of the bovine, equine, swine, sheep, or goat species, or its carcass or meat, while in or upon premises that the person knowingly entered or remained unlawfully in or upon, and that are fenced or enclosed in a manner designed to exclude intruders; or

        (b)   Having in the person's possession a live animal, carcass, or meat in any other location.

HAW. REV. STAT. § 708-835.5(1)(a)-(b) (Supp. 2010).

incarceration, to run consecutively with the sentence he received for a previous conviction, with a mandatory minimum term as a repeat offender of twenty months.

On appeal, Calarruda contends that (1) there was insufficient evidence to sustain a conviction because Porky does not meet the definition of livestock under HRS § 142-44;[4] (2) there was insufficient evidence to sustain a conviction because Porky's ownership under HRS § 142-44 was not established at trial; and (3) the Circuit Court failed to properly instruct the jury as to ownership of livestock.

In addition, the prosecution, in its answering brief, contends that this court lacks appellate jurisdiction over Calarruda's appeal because Calarruda's Notice of Appeal ("NOA") was not timely filed.

After careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve the prosecutor's jurisdictional argument and Calarruda's points on appeal as follows:

(1) Calarruda's NOA was filed almost seven months after the thirty-day filing deadline expired. Haw. R. App. P. 4(b)(1). Nevertheless, we will not dismiss Calarruda's appeal for lack of jurisdiction.

Calarruda's intention to file an NOA was made clear to

---

[4] **Owners of unbranded animals.** All cattle, horses, mules, donkeys, sheep, goats, and swine, over twelve months of age, not marked or branded, which may be running wild at any time on any lands in the State, shall belong to and be the property of the owners or lessees of the lands on which the animals are then running.

HAW. REV. STAT. § 142-44 (1993).

2

the Circuit Court and his attorney prior to the filing deadline. Nevertheless, Calarruda's counsel was allowed to withdraw from the case only a week before the NOA deadline, and substitute counsel was not appointed until months after the deadline had passed. Under these circumstances, and in light of our prior decisions, we will not dismiss the case for lack of jurisdiction. *E.g., State v. Ahlo*, 79 Hawai'i 385, 392, 903 P.2d 690, 697 (App. 1995) (appellate court had jurisdiction when NOA deadline passed after counsel withdrew and before new counsel was appointed).

(2) Calarruda asserts in his points of error that Porky does not meet the definition of livestock pursuant to HRS § 142-44, but fails to argue the point in his brief. As a result, the point is deemed to have been waived. Haw. R. App. P. 28(b)(7); *Int'l Sav. and Loan Ass'n, Ltd. v. Carbonel*, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000) ("An appellate court need not address matters as to which the appellant has failed to present a discernible argument.").

Even if we were to consider this point of error, it is without merit. HRS § 708-835.5(1)(a), the section under which Calarruda was charged and convicted, explicitly includes swine.

(3) Calarruda contends that there was insufficient evidence of Porky's ownership to support his conviction under HRS § 708-835.5, in light of the definition of ownership of unbranded animals in HRS § 142-44.

To the extent that establishing Porky's ownership is an element under HRS § 708-835.5, however, it is governed by HRS § 708-800 (1993) which defines "owner" as being "a person, other than the defendant, who has possession of or any other interest

in, the property involved[.]"[5] Calarruda does not contest that ownership was established under HRS § 708-800.

Substantial evidence was presented that Aaron O'Brien ("O'Brien"), the complaining witness, had possession of Porky. O'Brien testified that: (1) he was Porky's owner and Porky was his pet; (2) he had raised and fed Porky since his birth in a kennel on the orchard property about six years earlier; (3) he had neutered Porky so he would not roam away to breed with wild sows; (4) Porky lived inside O'Brien's house as a piglet and then slept in the garage when he became too big; (5) Porky never strayed farther than a thousand feet from O'Brien's house; and (6) Porky was affectionate towards him and obeyed his commands.

As a result, there was sufficient evidence of Porky's ownership under chapter 708 to support Calarruda's conviction, and the Circuit Court did not err.

(4) In his points of error, Calarruda incorporates, as part of his contention that Porky's ownership was not sufficiently established, the additional contention that "[t]he Court failed to provide jury instructions as to any method at all of determining who owned Porky the Pig or if the animal was owned by anyone at all." Calarruda fails, however, to identify "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Haw. R. App. P. 28(b)(4)(iii). We observe no such

---

[5] HRS § 708-800 provides that its definitions apply throughout the chapter "unless a different meaning plainly is required[.]" This court will interpret the plain and unambiguous language of the statute in accord with its plain and obvious meaning. *Pub. Util. Comm'n. v. Narimatsu*, 41 Haw. 398, 401 (Haw. Terr. 1956). No contrary meaning of "owner" is evinced by HRS § 708-835.5. Consequently, we apply the definition from HRS § 708-800.

objection and, as such, we review for plain error. *State v. Nichols*, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006).

The instructions, read as a whole, were not prejudicially insufficient. The Circuit Court's instruction number 35 made it clear that the prosecution needed to establish that O'Brien was Porky's owner, while instruction number 34 tracked the language of HRS § 708-800, providing that "owner", for purposes of chapter 708, means a person, other than the defendant, who has possession of or any interest in, the property involved. For purposes of prosecution under HRS § 708-835.5, therefore, no further instructions regarding Porky's ownership were necessary.

The instructions followed the language of HRS §§ 708-800 and 708-835.5(1)(a)-(b). "An instruction given in the wording of the statute is sufficient[.]" *Territory v. Legaspi*, 39 Haw. 660, 668 (Haw. Terr. 1953).

Therefore,

IT IS HEREBY ORDERED that the October 29, 2008 Judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, March 9, 2011.

On the briefs:

Edward J.S.F. Smith
for Defendant-Appellant.


Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge